UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LUKOSE KOSHY,                                     Civil Action No.
on behalf of himself and all others similarly
situated
                                                  **CLASS ACTION**
                Plaintiffs,                       **COMPLAINT**

        v.
                                                  **NO JURY TRIAL**
STELLAR RECOVERY, INC.                            **DEMANDED**

                Defendant.
--------------------------------------------------------X

Plaintiff, by and through his counsel, Gus Michael Farinella, Esq., as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows.

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, Stellar Recovery Inc. ("Stellar" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that Stellar's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Lukose Koshy is an individual natural person who at all relevant times resided in the City of Queens Village, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Stellar, at all times relevant hereto, is and was a Corporation with offices located at 4500 Salisbury Road, Suite 105 Jacksonville, FL 32216.

10. The principal purpose of Stellar is the collection of debts using the mail and telephone.

11. Stellar regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Stellar is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

# FACTS

13. Sometime prior to March 1, 2016 the Plaintiff allegedly incurred a debt originally owed to Time Warner Cable (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal cable account in the Plaintiff's name.

15. The cable debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection.

18. On or about March 14, 2016 Stellar mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the later dated March 14, 2016 but with redactions, sent by Stellar to the Plaintiff)

19. The Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Debt.

21. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. Exhibit A represents Stellar's initial collection "communication" with the Plaintiff as communication is defined by 15 U.S.C. §1692a(2).

23. Plaintiff did not receive any other document from Stellar purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

24. Upon information and belief, based on the content of Exhibit A, Exhibit A was the only document Stellar sent to the Plaintiff purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

25. Exhibit A, fails to state by name and label any "creditor", "current creditor" or "creditor to whom the debt is owed".

26. Exhibit A simply states, "Original Creditor: TIME WARNER CABLE" without stating who the creditor is now.

27. Exhibit A simply states, "Original Account:" without stating what the new or "current account is.

28. Exhibit A further provides a settlement offer and states "Settlement: Remit $119.47 upon receipt of this offer." The consumer is then instructed to send the payment with the enclosed detachable portion at the bottom of the letter.

29. The detachable portion of the letter (which is at the bottom of Exhibit A) shows an outstanding balance of $238.93 with no reference to any lesser settlement amount.

30. There is no separate coupon or statement in the detachable portion of Exhibit A indicating that a payment of $119.47 would be regarded as a settlement in full.

31. The letter attached as Exhibit A also provides a website www.paystellar.com where the Plaintiff can pay their alleged outstanding balance.

32. When the website is visited there is no reference to the settlement amount of $119.47.

33. The balance that is automatically entered into the payment amount box is $238.93.

34. When a consumer visits the Defendant's website in order to make a payment the only option that is given to a consumer for payment of the amount allegedly due is by credit card.

35. Stellar automatically adds a non-optional $9.50 "Courtesy Fee" to any payment made to Stellar through their website. (Annexed hereto as Exhibit B is a screen shot of Defendant's website adding the $9.50 "Courtesy Fee" to a payment being made towards the Plaintiff's alleged debt)

36. The $9.50 "Courtesy Fee" added to the Plaintiff's alleged debt of $238.93 resulted is a "Payment Total (including fees): $248.43." (See Exhibit B)

37. The "Courtesy Fee" is not expressly authorized by agreement nor permitted by law.

38. Stellar's debt collection practice is largely automated and utilized standardized form letters.

39. Exhibit A, is a standard form letter.

40. Documents in the form represented by Exhibit A, are regularly sent by Stellar to collect debts from consumers.

41. Stellar mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom Stellar attempted to collect a consumer debt.

42. Stellar collected, or attempted to collect, an unauthorized "Courtesy Fee" from at least 40 natural persons residing in the state of New York within one year of the date of this Complaint who attempted to pay or paid their alleged debt on Stellar's website.

**CLAIMS FOR RELIEF**

**COUNT I**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692g)

5

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

44. In sending the letter attached as <u>Exhibit A</u> Stellar violated 15 U.S.C. §1692g, 1692g(a)(2), and 1692g(b).

45. Section 1692g provides:

    **§1692g Validation of Debts**

    **(a) Notice of debt; contents**

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    **(b) Disputed debts**

    If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

> Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

46. In considering whether a collection notice violates the FDCPA Courts in the Second Circuit apply the "least sophisticated consumer" standard. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993).

47. When determining whether the "name of the creditor to whom the debt is owed" has been conveyed clearly, an objective standard, measures by how the "least sophisticated consumer" would interpret the notice, is applied.

48. Stellar violated 15 U.S.C. §1692g(a)(2) because the letter attached as <u>Exhibit A</u> is confusing, contradictory, and unclear. <u>Exhibit A</u> fails to clearly identify the name of the creditor to whom the debt is owed. The use of the term "Original Creditor" and "Original Account" implies that there is a new or "current" creditor and account.

49. Even a sophisticated consumer would have a difficult time deciphering to whom the debt is owed to in light of the reference to "Original Creditor" and "Original Account' without further clarification of who the current creditor is.

50. The language contained on the front of <u>Exhibit A</u> is false, deceptive, and misleading because <u>t</u>he least sophisticated consumer would be confused and uncertain as to the name of the creditor to whom the debt is owed.

51. The letter attached as Exhibit A also violates 15 U.S.C. §1692g(b) because the letter overshadows and is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

52. The letter attached as Exhibit A demands immediate payment upon receipt of the settlement offer. Exhibit A does not explain or clarify that this demand for immediate payment upon receipt of the offer did not override the Plaintiff's right to dispute the debt or seek validation of the debt within 30 days of receipt of the letter.

53. This language overshadows and is inconsistent with the Validation Notice provided by Stellar in that it overshadows and contradicts Plaintiff's absolute right to dispute the debt, absolute right to seek validation of the debt, and absolute right to request the name of the original creditor.

54. By failing to also explain that the demand for immediate payment did not override the Plaintiff's right to dispute the debt or seek validation of the debt within 30 days of receipt of the letter Exhibit A violates the FDCPA. *See* Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) (notice stating "[t]he hospital insists on immediate payment or a valid reason for your failure to make payment" violated section 1692g); *see also* Russell v. Equifax, 74 F.3d 30, 34 (2d Cir. 1996) (the phrase "if you pay it within the next 10 days we will not post this collection to your file" overshadowed the validation notice).

55. Be reason thereof, Defendant is liable to the Plaintiff and the proposed Class for judgment that Defendant's conduct violated 15 U.S.C. §1692g and for statutory damages costs and attorney's fees pursuant to 15 U.S.C. §1692k.

**CLAIMS FOR RELIEF**

**COUNT II**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692e)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. In sending the letter attached as Exhibit A and adding a $9.50 "Courtesy Fee" to payments made through their website, Stellar violated 15 U.S.C. §1692e(2)(A) and §1692e(10).

58. Section 1692e provides:

**§1692e.  False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of --
> (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

59. While 15 U.S.C. §1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

60. In considering whether a collection notice violates Section 1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

61. Stellar violated §1692e(2)(A) and §1692e(10) because the letter attached as Exhibit A fails to state that in the attached coupon that if Plaintiff were to pay $119.47, the balance of the amount owed would be waived. To the contrary, the payment coupon states the outstanding balance is $238.93 and does not provide the option of a lesser payment.

62. A consumer remitting $119.47 would attach his or her check to the payment coupon which states that he or she owes $238.93. They would not be certain if the $119.47 would actually be in full settlement of the account or whether they would still owe the balance.

63. Stellar's failure to include the settlement offer in the payment coupon is a false representation or deceptive means to collect or attempt to collect any debt.

64. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

65. Stellar violated 15 U.S.C. § 1692e(2)(A) by making a false representation that it was entitled to receive compensation for payment by credit card by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of a "Courtesy Fee" on their website. This $9.50 Courtesy Fee, which is not expressly authorized by agreement nor permitted by law, is a false representation regarding the amount of the debt.

66. Be reason thereof, Defendant is liable to the Plaintiff and the proposed Class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorney's fees pursuant to 15 U.S.C. §1692k.

**CLAIMS FOR RELIEF**

**COUNT III**

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f)</u>

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. In sending the letter attached as <u>Exhibit A</u> Stellar violated 15 U.S.C. §1692f(1)

69. Section 1692f provides:

**§1692f.  Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

70. Stellar violated 15 U.S.C. §1692f(1) because the non optional "Courtesy Fee" added to all payments made through Stellar's website is not expressly authorized by agreement nor permitted by law.

71. Stellar attempted to collect an amount in excess of which it was authorized to collect by adding on a "Courtesy Fee" to all payments made through its website in violation of the FDCPA.

72. The notification and collection of the $9.50 "Courtesy Fee" is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014

11

U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

73. Stellar's non optional "Courtesy Fee" is in violation of 15 U.S.C. §1692f(1) for engaging in unfair practices by collecting an attempting to collect an amount that was not authorized by contract or permitted by law.

74. Be reason thereof, Defendant is liable to the Plaintiff and the proposed Class for judgment that Defendant's conduct violated 15 U.S.C. §1692f and for statutory damages costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

75. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

76. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

77. This cause of action is brought on behalf of Plaintiff and the members of two classes.

78. Class A consists of (a) all individual natural persons (b) with a New York address (c) who were sent a letter from Stellar in a form materially identical or substantially similar to the letter attached as Exhibit A to the Complaint (d) which was not returned by the post office as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

79. Class B consists of (a) all individual natural persons (b) with a New York address (c) from whom Defendant collected or attempted to collect a "Courtesy Fee" or other charge

for paying their alleged debt through the Defendant's website (d) where such charges were not authorized by the original agreement between the creditor and the consumer (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

80. The proposed classes specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

81. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

　　i.　**Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff classes defined above are both so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of each class. The exact number of class members of each class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

　　ii.　**Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over

    questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e, 15 U.S.C. §1692f, and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **<u>Typicality</u>**: The claims of the Plaintiff are typical of those of the classes he seeks to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **<u>Adequacy</u>**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

      v.    **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

82. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

83. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the classes are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the classes and against Defendant for:

1. An order certifying that Counts I, II, and III may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above;

2. Adjudging that Stellar violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), 1692g, 1692g(a)(2), and 1692g(b);

3. An award of statutory damages for Lukose Koshy and the Plaintiff Classes pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
April 19, 2016

THE PLAINTIFF

By: /s/ Gus Michael Farinella
Gus Michael Farinella Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (212) 675-6161
Fax: (212) 675-4367
gmf@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By: /s/ Gus Michael Farinella
Gus Michael Farinella